48 11
67 333

48h 11
f55ad431

48h 11
171 NY ²401

## ELIZA ENNIS, Respondent, *v.* LAWRENCE ENNIS, Appellant.

*Action to set aside a deed obtained by duress and threats — the grantee cannot charge the plaintiff with a mortgage, given by the plaintiff prior to the deed, which has been assigned to and satisfied by such grantee — verbal agreements, upon consideration of marriage, are void under* 3 *Revised Statutes (6th ed.),* 142, *section* 2, *subdivision* 3 — *a woman can only relinquish her dower by receiving a jointure as provided in sections* 9–12 *of* 2 *Revised Statutes (6th ed.),* 1121, 1122.

The plaintiff recovered a judgment setting aside a conveyance made by her of an undivided one-half interest in certain real estate, by which the title thereto was vested in the defendant, her husband, she having been induced to execute such conveyance by duress and threats. The action was then sent back to a referee for an accounting as to the rents and profits received by the defendant, with directions to take proof as to certain mortgages claimed by the defendant to be charges against the property for which he should be credited.

Upon the hearing it was proved that the consideration of one of the mortgages given by the plaintiff to one Cummins, before the execution of the deed, was a verbal promise made by her to the defendant, before she was married, to pay him the sum of $5,000, as an equivalent for any right of dower she might have in his property in case she should survive him, and that the bond and mortgage to Cummins were executed and delivered, subsequent to the marriage, and were afterwards assigned to the defendant, in performance and fulfillment of this agreement.

*Held*, that a decisive objection to making this mortgage a charge upon the property arose out of the circumstance that this mortgage was satisfied of record by the defendant on October 12, 1876, when he was about to execute another mortgage upon the property, as it then, by his own act, ceased to be a lien or encumbrance on this property.

That the mortgage was also inoperative and void for the want of consideration, as the promise made by the plaintiff to the defendant, before the marriage, to pay the said sum of money to him was not in writing, and was, therefore, void under the statute (3 R. S. [6th ed.], 142, § 2, sub. 3), requiring every agreement, promise or undertaking, upon the consideration of marriage, except mutual promises to marry, to be in writing.

*Curry* v. *Curry* (10 Hun, 366) followed.

That the only provisions contained in the laws of this State, relating to the relinquishment of dower by a woman about to be married, are contained in sections 9–12 of 2 Revised Statutes (6th ed.), 1121, 1122 which authorizes a woman about to be married to agree to relinquish her dower in the real estate of which her husband may die seized by receiving an equivalent for it in the nature of a jointure. (Daniels, J.)

Appeal from a final and interlocutory judgment entered after a trial of this action at a Special Term of this court.

*Robert Johnstone*, for the appellant.

*A. W. Gleason*, for the respondent.

Daniels, J.:

This action was commenced to set aside two deeds of the undivided one-half of real estate situated upon Madison street in the city of New York. The plaintiff had been the owner of this undivided half, and the other half of the property was owned by her sister, Mrs. Burns. The conveyance made by the plaintiff was to Mr. Joshua E. Deacon and he conveyed the same interest in the property to the defendant. The deed to Deacon was made for the purpose of enabling him to convey the title as he did, to the defendant, and both deeds were made in September, 1876. The plaintiff and defendant intermarried in June, 1873, and separated prior to the time of the commencement of this action. As a ground for the suit it was alleged in her behalf that the deed was made by herself to Deacon as the result of duress and threats, and she brought the action for the purpose of setting it aside as well as the deed from Deacon to the defendant, and thereby reacquiring in that manner the title to this one-half interest in the property. The trial of the action at the Special Term, resulted in a judgment in her favor, after that a motion for a new trial was made before the General Term, which was denied and the result of that denial by section 1350 of the Code of Civil Procedure, is to prevent the defendant from again reviewing that judgment before this court. The judgment ordered an accounting concerning the rents and profits of the property while it was in the possession and use of the defendant, and that accounting was taken before a referee; and upon a hearing at the Special Term his report was confirmed. It was then, upon appeal, sent back to the referee for a further accounting, on

which he was directed to take proof of certain mortgages relied upon by the defendant as charges against the property, for which he should be credited in the accounting. One of these mortgages was executed by the plaintiff to Thomas Cummins in April, 1874, and assigned by Cummins to the defendant. This mortgage was upon the undivided interest conveyed by the deed to Deacon before the execution or delivery of that deed and the amount of the mortgage debt, with interest upon it up to the time of the accounting, which was May, 1887, was the sum of $8,499.42.

The object of this proof was to support the claim of the defendant that the amount of the mortgage should be charged over against the rents and profits of the property to which the plaintiff had become entitled, and the residue of it ordered to be paid by her as a condition for the reconveyance of the title. This view of the evidence was not sustained either by the referee or by the court, and one object of the appeal is to obtain such a modification of the result as to require the amount of this mortgage to be charged over against the plaintiff. But a decisive objection to making that charge arises out of the circumstance that this mortgage was satisfied of record by the defendant on the 12th of October, 1876, when he was about to execute another mortgage upon the property. It then, by his own act, ceased to be a lien or incumbrance on this property, and while the defendant, after the satisfaction of the mortgage on the record retained the bond, that of itself was no charge upon the property in dispute, but was a personal obligation of the plaintiff if it was capable of being enforced at all. The fact that the debt was no charge or incumbrance upon the real estate, was a sufficient reason apparently to justify the decision of the referee excluding it from the accounting and the determination of the court sustaining his conclusion.

This mortgage was also resisted on the part of the plaintiff as inoperative and void for the want of a consideration, and proof of that fact was admissible under the statute to overcome the claim made in behalf of the defendant upon it. (3 R. S. [6th ed.], 672, § 124.) To prove a consideration for the bond and mortgage, evidence was given by the defendant himself as a witness, that before his marriage with the plaintiff, she promised to pay him the sum of $5,000 as an equivalent for any right of dower she might have in

his property in case she should survive him, and the bond and mortgage to Cummins were executed and delivered and afterwards assigned to the defendant, in performance and fulfillment of this agreement. The promise made by her to the defendant to pay this sum of money to him was not in writing, and on that account was void under the statute requiring every agreement, promise or undertaking upon the consideration of marriage, except mutual promises to marry, to be in writing. (3 R. S. [6th ed.], 142, § 2, sub. 3.) She was, accordingly, under no obligation whatever after the marriage, although it was solemnized under this agreement, to pay or secure to him this sum of money, but she was entitled to her right of dower in his property unqualifiedly, as the result of the law existing and declaratory of her rights on that subject. The right was the result of the marriage itself and not of any contract or convention between the parties, and having that right she was entitled to its beneficial effect and enjoyment without either paying, or securing to the defendant to be paid, any sum of money whatever on account of it. A subject quite analogous to this was considered in *Curry* v. *Curry* (10 Hun, 366), where, however, the agreement between the parties was in writing under their seals. The wife, in that instance, prior to the marriage, agreed with her husband to relinquish her right of dower in two pieces of property owned by him and referred to at the time, and the marriage took place pursuant to that agreement. After his decease she claimed her dower in these lands and was held to be so entitled, notwithstanding the agreement which she had entered into. The principle upon which that case was decided is applicable to the one now in controversy, for if she could not bind herself by an anti-nuptial agreement to relinquish her right of dower in the property, it would follow that she could not bind herself to pay a sum of money to her husband for the enjoyment of that right. The principle of that case, accordingly, seems to be decisive of this, and it was approvingly stated and commented upon in 4 Kent (55, 56.)

The law of this State has authorized a woman about to be married to agree and bind herself by the agreement to relinquish her dower in the real estate of which her husband may die seized, by receiving an equivalent for it in the nature of a jointure. By such an agreement, accepted by her, she may deprive herself of dower

in the property of her husband, but by the instrument intended to be with that effect, an equivalent in property must be provided for her, in lieu of and in place of her dower. (2 R. S. [6th ed.], 1121, 1122, §§ 9–12.) That is as far as the laws of this State have provided, and been extended, for the relinquishment of dower by a married woman, or a person about to be married, and the circumstance of its having been extended, no further, is an indication that the legislature did not intend to sanction or approve contracts of that nature beyond the limits and intents of this law. Certainly nothing is contained in the statute from which it can be inferred that the agreement entered into between the plaintiff and the defendant was legally binding or operative upon her.

The cases relied upon in support of the binding effect of the agreement do not proceed far enough for that purpose. In neither of them was such an agreement as this sanctioned or approved, and in no instance has effect or validity been given to it, unless it has been carried wholly into execution. This agreement was never executed, for the bond and mortgage given to secure the payment of the money were executory contracts which the plaintiff was at liberty to repudiate and rescind, at any time before they became completely executed either by payment or foreclosure. The effect of the decisions is to require that the agreement shall be carried wholly into execution, before the defendant can be allowed the amount nominally unpaid, as a charge against her right to the recovery of this undivided half of her property. For the reason that it has not been carried into effect it is incapable of being so used, and both the decision of the referee and of the court rejecting it, were well supported.

The defendant purchased the half of the same property owned by the plaintiff's sister, Mrs. Burns, for the sum of $8,500. She was paid $1,000 in money, and a mortgage given to her upon the entire estate to secure the residue of $7,500. After that she was desirous of obtaining payment of this sum of money, and the defendant borrowed $10,000 of Mr. Mount, for which he executed a mortgage to him upon the property, in which the plaintiff joined. The residue of the money, beyond the sum required to pay Mrs. Burns, was obtained to liquidate taxes and make repairs upon the land. In the accounting had before the referee such taxes were

credited to the defendant, and so were the repairs made from time to time upon the property, and the rents were in like manner charged to him, and one-half of the surplus was credited to the plaintiff. Beyond the credits for taxes paid, the defendant insisted upon an allowance in his favor for interest upon the indebtedness to Mount. That was disallowed, and evidently with very good reason for it, for the plaintiff had no part of the money, and apparently no benefit from it, beyond that with which she was charged in the accounting. It was not her debt, but the debt of the defendant, and he alone was chargeable with the interest from time to time accruing upon it. For the disallowance of this interest he has no legal cause for complaint, but, both in this respect and in all others arising upon the accounting, complete justice seems to have been awarded to him. No grounds appear in the case for disturbing the disposition of it which was made at the Special Term, and the judgment should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.